IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILDER JORDAN,  )<br>             Plaintiff,  )<br>                              )<br>     v.                       )<br>                              )<br>ROCKY MOUNTAIN LANDSCAPE  )<br>MANAGEMENT, INC.,         )<br>             Defendant.     ) | Case Number 1:21-cv-2147 |

# COMPLAINT

Plaintiff, Wilder Jordan, by his attorney, Gregory Bowes, now presents this Complaint against Defendant, Rocky Mountain Landscape Management, Inc. The specific allegations are as follows:

## INTRODUCTION

1. Plaintiff seeks money damages against Defendant for failure to pay overtime wages as required by statute, for failure to pay overtime wages pursuant to an oral agreement, and for failure to pay accrued "personal time off" compensation.

## STATEMENT OF JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's cause of action arising under 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue lies in the United States District Court for the Southern District of Indiana because all or a substantial portion of these events or omissions giving rise to this Complaint occurred in or around Marion and Boone Counties, Indiana, which lie in the Southern District of Indiana. *See* 28 U.S.C. § 1391(b).

## PARTIES

5. Wilder Jordan (Mr. Jordan) is a resident of Marion County, Indiana.

6. Rocky Mountain Landscape Management, Inc. (Rocky Mountain), is a corporation incorporated in the State of Indiana with its principal place of business in Boone County, Indiana.

7. Rocky Mountain provides services in interstate commerce.

## FACTUAL BACKGROUND

8. Rocky Mountain provides landscaping and snow removal services to its customers in the Central Indiana area.

9. Rocky Mountain hired Mr. Jordan to serve as a supervisor over crews providing those landscaping and snow removal services.

10. Mr. Jordan has been employed by Rocky Mountain from March 5, 2018, until June 22, 2021.

11. Rocky Mountain terminated Mr. Jordan as an employee on June 22, 2021.

12. Mr. Jordan worked full time for Rocky Mountain at a rate of $25.00 per hour.

13. Rocky Mountain improperly classified Mr. Jordan as an employee exempt from the overtime wage provisions of 29 U.S.C. § 207(a). As a result, Rocky Mountain has failed to pay Mr. Jordan for more than forty hours per week.

14. Mr. Jordan routinely worked more than forty hours per week for Rocky Mountain.

15. In the winter of 2021, Rocky Mountain sought the services of employees to provide snow removal for its customers. To encourage Mr. Jordan to provide snow removal services in excess of his normal forty hours per week, Rocky Mountain agreed to pay wages at a rate of one and one-half times Mr. Jordan's regular rate.

16. As part of Rocky Mountain's employee compensation plan, employees were entitled to accrue 80 hours of "personal time off" (PTO) for every year of service.

17. Mr. Jordan had accrued unused PTO at the time Rocky Mountain terminated his employment.

## LEGAL CLAIMS

### Count One: Failure to Pay Statutory Overtime Wages

18. The allegations in paragraphs 1-17 are hereby incorporated by reference.

19. Under the Fair Labor Standards Act (FSLA), 29 U.S.C. § 207(a), Rocky Mountain was required to compensate Mr. Jordan "for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

20. Rocky Mountain failed to pay Mr. Jordan overtime wages as required by statute.

21. Rocky Mountain's failure to pay Mr. Jordan overtime wages pursuant to the FLSA was not done in good faith.

22. Mr. Jordan suffered a loss of wages because of Rocky Mountain's violation of the FLSA's overtime requirements.

<u>Count Two: Failure to Pay Overtime Wages pursuant to Oral Agreement</u>

23. The allegations in paragraphs 1-17 are hereby incorporated by reference.

24. Rocky Mountain agreed to pay wages at a rate of one and one-half times Mr. Jordan's regular rate for providing snow removal services to its customers.

25. Rocky Mountain failed to pay Mr. Jordan overtime wages as agreed.

26. Mr. Jordan suffered a loss of wages because of Rocky Mountain's violation of its own agreement with Mr. Jordan.

<u>Count Three: Failure to Personal Time Off according to Employment Agreement</u>

27. The allegations in paragraphs 1-17 are hereby incorporated by reference.

28. As part of its normal compensation plan, Rocky Mountain agreed to pay Mr. Jordan for PTO hours he had accrued under the plan.

29. Rocky Mountain failed to pay Mr. Jordan PTO compensation as agreed.

30. Mr. Jordan suffered a loss of earned employee benefits because of Rocky Mountain's violation its own compensation plan.

WHEREFORE Plaintiff, Wilder Jordan, by his attorney, Gregory Bowes, respectfully asks this Court to grant him a judgment in an amount sufficient to compensate him for his damages, for pre- and post-judgment interest on those damages, for an equal amount as liquidated damages pursuant to statute, for an award of reasonable attorney fees and costs for bringing this action, and for all other appropriate relief.

Respectfully submitted,

*[signature: G. Bowes]*

                                                                      _____
Gregory Bowes
Greg Bowes Legal Services, P.C.
Supreme Court # 4335-49
PO Box 741
Indianapolis IN 46206-0741
317-259-4442
Internet: GregBowes.pro
E-mail: Greg@GregBowes.pro
Attorney for Plaintiff